UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JMR NOW, LLC, | § § § | |
|     *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:21-CV-2924-X |
| D.L. HUGHLEY and FIVE TIMZ PRODUCTIONS, INC., | § § § § | |
|     *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Five Timz Productions, Inc. ("Five Timz") and D.L. Hughley bring separate motions to dismiss against JMR Now, LLC ("JMR Now"). [Docs. 31, 32]. For the following reasons, the Court **GRANTS** the motions to dismiss and gives JMR Now twenty-eight days to amend its complaint.

Five Timz moves to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. The Court does not have general jurisdiction over Five Timz because Five Timz is not "at home" in Texas.[1] And the Court does not have specific jurisdiction over Five Timz because, based on the pleadings, it has not purposely availed itself of Texas.[2] JMR Now argues for the imputation of personal

---

[1] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up). JMR Now's pleadings do not include any facts to show that Five Timz is incorporated in Texas or has its principal place of business in Texas. Instead, the pleadings tend to show that Five Timz is a citizen of California.

[2] The only references to Texas in JMR Now's *First Amended Complaint* are the following two quotes: (1) "[A]ll of the events and omissions giving rise to Plaintiff's causes of action, or a substantial part of them, occurred in this District," and (2) "Plaintiff, through its principal, Jim Robinson, negotiated such radio and television contracts almost lucidly (sic) by telephone from Plaintiff's principal place of business in Texas." Doc. 27 at 2. Neither vague reference is sufficient to demonstrate that the events occurred in Texas, even more so in this district. JMR Now's allegations are conclusory,

jurisdiction over Five Timz because it acted as Hughley's agent, and Hughley worked directly with JMR Now's principal. However, JMR Now did not provide any facts in its complaint that detail how JMR Now and Hughley's business-relationship availed Five Timz of the benefits of Texas law. The Court cannot infer specific jurisdiction based on the barebones pleadings.

Hughley moves to dismiss for improper venue and failure to state a claim. The Court agrees that the current pleadings do not enable the Court to infer that it is a proper venue. JMR Now claims that "all of the events and omissions giving rise to [its] causes of action, or a substantial part of them, occurred in this District."[3] However, the only factual allegation about the location of the events is a sentence that reads, "Plaintiff, through its principal, Jim Robinson, negotiated such radio and television contracts almost lucidly (sic) by telephone from Plaintiff's principal place of business in Texas."[4] As JMR Now alleges a breach-of-contract claim, it must allege that a substantial part of the events giving rise to the claim (for example, contract execution and performance) took place in a particular place in Texas.[5] JMR Now's singular statement about the contract—the Jim Robinson phone call—provides some

---

and fail to connect, with specificity, how Robinson's phone calls purposely availed Five Timz to jurisdiction in the Northern District of Texas.

[3] *Id.*

[4] *Id.*

[5] *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018) (Recognizing that a district court must look at the specific events giving rise to the specific claim like acts related to the formation of the contract, the breach, the prior negotiations, and the contemplated future consequences.).

detail of the events giving rise to the claim but not enough for the Court to infer that the Northern District of Texas is a proper venue.

For these reasons, the Court **GRANTS** the defendants' motions to dismiss and **DISMISSES WITHOUT PREJUDICE** JMR Now's claims.  JMR Now has twenty-eight days to amend its pleadings only to address the issues regarding personal jurisdiction and venue.

**IT IS SO ORDERED** this 30th day of May, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE